IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VINCENT F. RIVERA,**

    **Plaintiff,**

vs.                                                          Case No. 4:20cv189-MW-MAF

**WARDEN C. EDELEN, et al.,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

Plaintiff Vincent F. Rivera, D.O.C. # 518548, is an inmate currently incarcerated in the custody of the Florida Department of Corrections. Plaintiff has submitted a pro se complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. Plaintiff properly acknowledges within his complaint that he has accumulated "three strikes" because he has had more than three cases dismissed for the reasons listed under § 1915(g). ECF No. 1 at 12. Plaintiff has made the assertion that he "is in imminent danger of serious physical injury because of" the incident alleged in his complaint. *Id.* at 7, 8. Thus, Plaintiff's complaint has been reviewed to

determine if he has presented sufficient facts to permit him to proceed with in forma pauperis status as required by 28 U.S.C. § 1915(g).[1]

Plaintiff has alleged that on December 13, 2019, he was physically assaulted by Defendants Thompson, Rogers, and Murphy, all of whom are correctional staff at Taylor Correctional Institution.  ECF No. 1 at 6.  Plaintiff contends that the use of force against him was unlawful as he was not causing a disturbance or refusing to comply with an order.  He further contends that he was denied a post use-of-force examination for ten days, and given a "trumped-up disciplinary report for [violating Rule] 1-3 Spoken Threats."  *Id.*  Plaintiff states that he lost a tooth during the assault, but "was not seen by dental" and that injury was "not even documented on his post-use-of-force exam paperwork."  *Id.* at 8.  Plaintiff argues this shows deliberate indifference to serious medical needs.  *Id.*  He also contends, without any supporting facts, "that the intentional violation of his federal Constitutional rights was motivated by ethnicity."  *Id.* at 7.  As relief, Plaintiff

---

[1] That statute, commonly referenced as the "three strikes" provision, states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) (quoted in O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

seeks "compensatory damages in the amount of thirty million dollars." *Id.* at 10.

In the case of <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192 (11th Cir. 1999), the court analyzed "what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis because he is in imminent danger of serious physical injury [as] an issue of first impression in this Circuit." The court concluded that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." <u>Medberry</u>, 185 F.3d at 1193 (citations omitted). Because Medberry's allegations only concerned the alleged event which formed the basis for his complaint, the court held that he did not show he was in imminent danger either at the time the complaint was filed, "or that he was in jeopardy of any ongoing danger." 185 F.3d at 1193. In this case, the December 2019 incident is the only assertion made by Plaintiff of harm or a threat of harm. Plaintiff has not alleged any facts which show he faces ongoing danger.

Notably, Plaintiff also claimed that he was denied medical care. ECF No. 1. It is true that such a claim could constitute "imminent danger of serious physical injury. *See* <u>Brown v. Johnson</u>, . 387 F.3d 1344, 1350

Case No. 4:20cv189-MW-MAF

(11th Cir. 2004) (finding that the total withdrawal of treatment for HIV and hepatitis could constitute imminent danger); O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016) (holding that prisoner did not show imminent danger because he had been seen by medical personnel and "fears that his surgery might be delayed or his symptoms would lead to cancer were speculative and not factually supported"). However, Plaintiff's complaint lacks any facts showing that he requested medical care, identifying any specific person who allegedly denied him care, or demonstrating that a broken tooth is a "serious medical need" which required immediate dental treatment. Accordingly, Plaintiff has not shown that he faces "imminent danger" due to the lack of medical care either.

Judicial notice is taken that Plaintiff is a prolific litigator in federal court. The Court has confirmed that within the Northern District of Florida, Plaintiff has previously been denied in forma pauperis status because Plaintiff has had more than three cases dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim. *See, e.g.,* case # 4:06cv159, case # 4:00cv236; case # 4:97cv63, case # 4:97cv116, and case # 4:96cv126. Plaintiff is not entitled to in forma pauperis status to proceed with this case because he has not presented sufficient allegations to show he faces "imminent danger of serious physical injury" as required

by 28 U.S.C. § 1915(g).  Accordingly, this case should be dismissed without prejudice.  If Plaintiff seeks to litigate these claims, Plaintiff must initiate a new case and simultaneously pay the full amount of the filing fee.  *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, and this complaint, ECF No. 1, be **DISMISSED without prejudice** because Plaintiff's factual allegations are insufficient to permit him to proceed under 28 U.S.C. § 1915(g) without full payment of the filing fee at the time of case initiation.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**